Sallie J. WARD et al.

v.

Curtis C. LUTTRELL, etc., et al.

Civ. A. No. 67-1622.

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 4, 1968.

See also D.C., 292 F.Supp. 162.

R. M. Mathews, New Orleans, La., for plaintiffs.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, Baton Rouge, La., William P. Schuler, Second Asst. Atty. Gen., Arabi, La., John M. Currier, Asst. Atty. Gen., William P. Curry, Jr., Special Counsel, New Orleans, La., for defendants.

## MEMORANDUM OPINION
### AND ORDER

BOYLE, District Judge:

Plaintiffs, employees of Southern Bell Telephone and Telegraph Company and The Boeing Company at the Launch Sys-

tem Branch of the N.A.S.A.'s Michoud Assembly Facility in New Orleans, Louisiana, bring this action because, they claim, the Louisiana female labor laws prevent their working in excess of the maximum daily and weekly hours prescribed by the State statutes, resulting in their inability to earn overtime pay, diminution of opportunities to build Social Security accounts and to participate in company pension funds, retardation of opportunities for promotion and restriction on their ability to compete with their male counterparts.

They appear for themselves, and claim to represent herein all Louisiana working women as a class, in seeking a declaration of unconstitutionality of the State statutes and injunctive relief.

Plaintiffs' motion for an order allowing them to maintain this action as a class action under Rule 23, Federal Rules of Civil Procedure, is opposed by defendants. Defendants argue that even if it be assumed that joinder of all class members is impracticable because the class is so numerous (this would be true if all women workers in all occupations constitute the class—and plaintiffs contend that it does) and that the laws in question are common to the "class" the requirements of Rule 23(a) (3) and (4) are not satisfied because

1. The facts are not common to the "class."

2. The plaintiffs cannot fairly and adequately protect the interest of the "class" because their claims are not typical of the class since many, even if not a majority, of Louisiana working women in many other occupations seek the shelter of the statutes attacked, and the plaintiffs' action seeks to destroy that shelter.

The "class" contended for by plaintiffs is not *just* all *women engineers* (who are probably not too numerous, but difficult of ascertainment of identity)— all *"framemen"* (this classification, un-

less it is one within the general "clerical" classification, may be peculiar to NASA facility such as that at Michoud— if so, they are undoubtedly of very limited numbers and ascertainable identity) —or all *telephone operators* (whether or not these include, in addition to utility employees, all private PBX, etc., operators—they would be numerous) *BUT* all women in all occupations.

Prior to the Constitution of 1921, the Louisiana Constitutions did not deal with the regulation of working hours or conditions of females.

Article 4, Section 7, of the 1921 Constitution authorized the Legislature to regulate hours and working conditions of women, except those engaged in agricultural or domestic service.

Sixty years ago the Legislature first undertook to regulate hours of work by women. Act 301 of 1908, Section 4 thereof, prohibited the employment of women for a longer period than ten hours per day or 60 hours per week in any mill, factory, mine, packing house, manufacturing establishment, workshop, laundry, millinery or dressmaking store or mercantile establishment in which more than five persons are employed, or in any theatre, concert hall, or in or about any place of amusement where intoxicating liquors are made or sold, or in any bowling-alley, boot-blacking establishment, freight or passenger elevator, or in the transmission or distribution of messages, either telegraph or telephone, or any other messages, or merchandise, or in any other occupations not herein enumerated which may be deemed unhealthful or dangerous. The work hours limitation was made inapplicable to persons working in store or mercantile establishments on Saturday nights or 20 days before Christmas.

The State enactments are now [1] found in Louisiana Revised Statutes, Title 23, Labor, Part IV (Sections 291–293; 311–314; 331–337; 351–367); Sub-parts A

---

[1.] Other source Acts are: 177 of 1916; 176 of 1926; 71 of 1930; and 301 of 1942, amending 301 of 1908; 362 of 1938; 183 of 1942; 383 of 1946.

(Sections 291–293); B (Sections 311–314); C (Sections 331–337) and D (Sections 351–367).

R.S. 23:311 provides that no female shall be employed in any mine, packing house, bowling alley, bootblack establishment, in the distribution of merchandise, in or about any place of amusement where intoxicating liquors are made or sold; for more than nine hours in any one day or fifty-four hours in any one week. A daily thirty-minute meal interval is provided for (R.S. 23:312) females employed in packing or canning plants and factories handling fruit, vegetables, seafood and perishable foods who may be employed up to ten hours per day or sixty hours per week during emergencies.

R.S. 23:311 also applies to "any other occupation not covered by Sub-part C (Sections 331–337) of this Part."

By 23:291 the provisions of Part IV are not applicable to females employed in agriculture or in domestic service nor to females employed in an executive capacity, defined to be one employed in a supervisory capacity with authority to hire or fire employees under her supervision.

Section 331 provides that "the provisions of this Sub-part shall have effect only in cities, towns and villages having a population of six thousand inhabitants or more."

Then Section 332 prohibits the employment of females in any manufacturing, mechanical or mercantile establishment, laundry, hotel, theatre, restaurant, telephone or telegraph or transportation company, or in the operation of passenger or freight elevators for more than eight hours in any one day or more than forty-eight hours or six days in any consecutive seven day period.

In any of the Section 332 employments, females may not be worked more than six hours continuously without a rest or recreation interval of thirty minutes, unless after six and one-half hours of continuous work, the employee is dismissed for the remainder of the day.

The provisions of Sub-part C (R.S. 331–337) are not applicable to females employed:

1. In the fishing industry, in the processing, packing or canning of seafood, fruits or vegetables, or processing sugar cane or sorghum into sugar, molasses or syrup.

2. In stenographic, bookkeeping or other office or clerical work, not including, however, such occupations in laundries, hotels or restaurants.

3. As file, route or information clerks, or as multiplex, teleprinter, telephone, telegraph or switchboard operators.

Penalties for violations are imposed upon the employers (R.S. 23:292, 293, 314, 336).

Since the plaintiffs in suit are employed in the City of New Orleans, we must first look to Sub-part C to determine how they are affected.

If "framemen" who route orders in a manufacturing or mechanical establishment are employed in "office or clerical work," Sub-part C and the eight hour day—forty-eight hour week (Section 332) would be inapplicable (Section 337 (2)). If they are employed as "route clerks," the eight hour day—forty-eight hour week provision would be also inapplicable (Section 337(3)).

Telephone operators, though included by Section 332, would be excluded from the application of the eight hour day—forty-eight hour week provision by Section 337(3).

■■ Therefore, as to the framemen and telephone operator plaintiffs, occupations not covered by Sub-part C, it appears that the nine hour day—fifty-four hour week prescribed in Section 311 would apply, assuming, of course, none are employed in an executive capacity as defined in Section 291.

■ Engineers are not enumerated in Section 332 in Sub-part C and, there-

fore, not covered. Hence, the (non-registered) engineer plaintiffs would be subject also to the nine hour day—fifty-four hour week limitation of Section 311, again assuming none are employed in an executive capacity.[2]

Mechanization, technology, automation, education, etc., have eliminated women from many employments enumerated in the statutes and many of the unenumerated occupations covered by the omnibus provisions of Section 311.

On the other hand, such factors have offered employment to women in many other occupations in which women were not found in 1908 (when the first statute was enacted) and perhaps many of the intervening years up to 1950 (when the Revised Statutes were enacted), and perhaps even to date.

█ If the "class" includes all women workers to whom the statutes are applicable, we would agree that the "class" would be so numerous that joinder of all members thereof is impracticable. However, Rule 23(a) (2), (3) and (4) appear impossible of satisfaction. True,

the law would be common to the "class," but we cannot conceive that the questions of fact would be. Nor can we conceive that plaintiffs' position represents the will of many other women workers, even if similarly situated. Removing the work hour limitations for women would place women on an equal basis with men in the matter of overtime pay and make available to them some, if not all, the opportunities offered men which plaintiffs urge they are being denied. However, it would not then be just a matter of allowing women to work overtime when they choose to do so, but they would be subjected to the obligation to work more hours whether they want to or not under the penalty of being discharged. We are not convinced that all women would want such obligation. Therefore, plaintiffs would not fairly and adequately protect the interests of all within the class.

For the foregoing reasons,

It is ordered that plaintiffs' Motion for an Order Maintaining this Action as a Class Action under Rule 23 FRCP be, and it is hereby, denied.

Appendix

New Orleans, La.

November 30, 1966

Mr. W. A. Clark, Mgr.
Michoud Contracts
The Boeing Company
Space Division, Launch Systems Branch
P. O. Box 29100
New Orleans, La.   70129

Dear Mr. Clark:

In your letter of November 18, 1966 you request an opinion as to the maximum permissive work hours of female professional and technical engineers and female office exempt employees.

From my telephone conversation to you on November 22, 1966 and to Boeing's Personnel Office on November 29, 1966, I understand that

2. The Attorney General of Louisiana has ruled that nonregistered female engineers are governed by R.S. 23:311 and registered female engineers by R.S. 37:681 et seq., which do not limit work hours. See Letter Opinion in Appendix.

some engineers are registered and some are not, even though they have a degree in the mathematical and physical sciences. Further, I understand that the office exempt employees consist of computer programmers, personnel specialists, procurement specialists, etc.

It is our opinion that the professional and technical engineers must be divided into two categories: 1. Those who are registered, and 2. Those who are not registered. The female professional engineers, those registered with the State, do not fall under R.S. 23:291 et seq., but rather are governed by R.S. 37:681 et seq. The latter sections do not limit the hours of employment. The second category, those not registered, are governed by R.S. 23:291 et seq., and more particularly, are governed by R.S. 23:311 as females employed in occupations not covered by Sub-part "C" of part IV of R.S. 23, and thus are limited to nine hours in any one day and not more than fifty four hours in any one week.

58—Labor—Labor Laws—Unions Female professional engineers are not covered by R.S. 23:291 et seq. but rather are covered under R.S. 37:681 in regard to maximum hours of employment.

New Orleans, La.

November 30, 1966

Mr. W. A. Clark, Mgr.
The Boeing Company
P. O. Box 29100
New Orleans, La.

R.S. 23:311 also applies to your office exempt employees in that they are also occupations not covered by Sub-part "C".

If there are any further questions along these lines, or if I have not answered your present questions to your satisfaction, the Louisiana Labor Department will be happy to answer them.

Very truly yours,

William P. Curry, Jr.,
Assistant Attorney General

WPCjr:cc